**Consolidated Appeal Nos. 21-16852 / 22-15775**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Johnny Burris,

*Plaintiff-Appellant*,

v.

JP Morgan Chase & Company, et al.

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Arizona
No. CV-18-03012
Hon. Dominic Lanza

## APPELLEES' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Fed. R. App. P. 28(j), Defendants-Appellees notify the Court of the following pertinent and significant supplemental authority.

In ***Jones v. Riot Hospitality Group LLC*, \_\_\_ F.4th \_\_\_, 2024 WL 927669 (9th Cir. Mar. 5, 2024)**, this Court affirmed district court orders that (1) dismissed plaintiff's case as a sanction under Fed. R. Civ. P. 37(e)(2) because she intentionally deleted relevant electronically stored information ("ESI") and (2) awarded fees pursuant to Fed. R. Civ. P. 37(b)(2) and the Court's inherent

authority because plaintiff willfully violated court orders. Notably, the dismissal order affirmed in *Jones* relied upon the same Dismissal Order on appeal before this Court. *See Jones v. Riot Hospitality Group LLC,* 2022 WL 3682031, at *4, 11, 12 (D. Ariz. Aug. 25, 2022) (citing *Burris v. JPMorgan Chase & Co.,* 566 F. Supp. 3d 995 (D. Ariz. 2021)).

As pertinent here, this Court concluded in *Jones* that:

- "To dismiss a case under Rule 37(e)(2), a district court need only find that the Rule 37(e) prerequisites are met, the spoliating party acted with the intent required under Rule 37(e)(2), and lesser sanctions are insufficient to address the loss of ESI." 2024 WL 927669, at *3.

- "Relevant considerations" for determining intent "include the timing of destruction, affirmative steps taken to delete evidence, and selective preservation." *Id.* at *3.

- "[T]here was ample circumstantial evidence that Jones intentionally destroyed" ESI where plaintiff replaced her phones after being ordered to produce them for forensic examination and "selected certain text messages for deletion while otherwise preserving text messages sent around the same time", and no need for expert testimony to confirm that every deletion was intentional. *Id.*

- "[P]roduction of some evidence does not excuse the destruction of other

evidence." *Id.*

- A finding of prejudice is not required for Rule 37(e)(2) sanctions. *Id.* at *4.

- The district court in *Jones* properly exercised its discretion to dismiss plaintiff's case under Rule 37(e)(2) because – like district court below (*see* I-ER-52-54) – it considered lesser sanctions but concluded that they likely would not be effective. *Id.*

Dated: March 8, 2024

Respectfully Submitted,

*/s/ Kelly H. Dove*
Kelly H. Dove (Nevada Bar No. 10569)
SNELL & WILMER L.L.P.
3883 Howard Hughes Pkwy.
Suite 1100
Las Vegas, NV 89169
Email: kdove@swlaw.com

Marian Zapata-Rossa (Arizona Bar 032021)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Tel: (602) 382-6000
Email: mzapata-rossa@swlaw.com

Michael N. Ungar (Ohio Bar 0016989)
J. Matthew Linehan (Ohio Bar 0085286)
UB GREENSFELDER LLP

1660 West 2nd Street, Suite 1100
Cleveland, OH 44113-1406
Tel: (216) 583-7000
Email: mungar@ubglaw.com;
mlinehan@ubglaw.com

*Attorneys for Defendants-Appellees J.P. Morgan Chase & Co. and J.P. Morgan Securities, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Appellees' Second Notice of Supplemental Authority with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 8, 2024. I further certify that all participants in the case are registered CM/ECF Users and that service will be accomplished by the appellate CM/ECF system.

DATED this 8th day of March, 2024.

*/s/ Maricris Williams*
An employee of Snell & Wilmer L.L.P.

4854-0845-9948